IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRED L. NANCE, JR., <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION, NBCUNIVERSAL MEDIA, LLC, OPEN 4 BUSINESS PRODUCTIONS, UNIVERSAL TELEVISION LLC, JOAN PHILO CASTING, EMPIRE CASTING LLC, et al., <br><br> Defendants. | No. 16-cv-11635 <br><br> Judge Leinenweber <br><br> Magistrate Judge Cox |

**REPLY IN SUPPORT OF**
**COMCAST CORPORATION'S MOTION TO DISMISS**

Defendant Comcast Corporation ("Comcast"), by its attorneys, submits this Reply in Support of Its Motion to Dismiss.

**I.    ARGUMENT**

Despite filing an 81-page Response[1] to Defendant's Motion to Dismiss ("Motion"), Plaintiff nevertheless fails to demonstrate that relief against Comcast is plausible on the face of his complaint. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Plaintiff, who devotes three pages of his Response to his argument that Comcast can be held liable as a successor in interest, has attempted to apply the wrong legal theory here. Even if he had applied the correct standard, Plaintiff fails to point to any facts set forth in his complaint which, if true, would enable him to pierce the corporate veil and hold Comcast liable as a "single" employer, "joint"

---

[1] Plaintiff's Response violates Local Rule 7.1 which requires parties to seek leave prior to filing briefs in excess of 15 pages. In light of Plaintiff's repeated failure to comply with this rule, Defendants respectfully request that this Court disregard all pages beyond the 15-page limit, strike Plaintiff's briefing entirely, or, at a minimum, discourage future pleadings exceeding this page limit.

CHICAGO/#3047501.4

employer, or otherwise. [2] *Gunty v. Exelon Corp.,* No. 14 CV 4756, 2014 U.S. Dist. LEXIS 155667 at *5-6 (N.D. Ill. Nov. 4, 2014) (dismissing an affiliated parent company from Title VII litigation where the plaintiff did not plead facts sufficient to pierce the corporate veil).

To piece the corporate veil, Plaintiff must sufficiently plead the "who, what, when, where, and how" of a fraudulent scheme. *Mamacita, Inc. v. Colborne Acquisition Co. LLC,* No. 10 C 6861, 2011 U.S. Dist LEXIS 25146 at *24-28 (N.D. Ill. Mar. 11, 2011) (J. Leinenweber). This he has not done. Indeed, while Plaintiff identifies Mr. Robert Greenblatt and Mr. Stephen Burke as the "President" and "CEO" of Comcast, respectively, in his Second Amended Complaint, they are in fact the Chairman of NBC Entertainment and CEO of NBC Universal Media LLC.[3]

Regardless, Plaintiff's alleged complaints to these *purported* Comcast officers are insufficient to pierce the corporate veil because he has pled nothing to suggest Comcast in some way instructed the NBC Defendants to violate the law, counseled them, or otherwise increased the probability unlawful conduct would occur. *See Wessman v. DDB Chi.*, No. 12 C 6712, 2012 U.S. Dist. LEXIS 176562 at *8 (N.D. Ill. Dec. 13, 2012) (dismissing parent company from Title VII lawsuit despite alleged complaints to parent company executives because Title VII applies only to employers, "not parent company which merely knows about what employers are doing"). As in *Wessman,* Plaintiff merely claims that he reported alleged violations to representatives of a

---

[2] Plaintiff's focus on "successor liability" is unavailing as this topic is wholly inapplicable to the relationship between Comcast and any other named Defendant. *See Mamacita,* 2011 U.S. Dist LEXIS 25146 at *7-8. Plaintiff has not and cannot allege that Comcast purchased or sold the assets of any other named Defendant such that successor liability would apply. *Id.*

[3] See Second Amended Complaint at ¶¶61-62, 152, 158, 165, 181, 198, 204, 210, 216, 234, 239, 246, 251, 256, 261 (alleging Plaintiff wrote letters to Mr. Robert Greenblatt and Mr. Steve [sic] Burke, which this court may take judicial notice are executive officers of NBC Universal Media LLC. Stephen Burke also holds the title of Senior Executive Vice President of Comcast Corporation.

CHICAGO/#3047501.4

parent company and does not allege any facts that could plausibly establish Comcast's liability for the alleged actions of the other named defendants. *Id.* In the absence of more specific facts describing actions taken by Comcast that could render it liable for the other named Defendants' actions, these claims must be dismissed.

Furthermore, Plaintiff's claims against Comcast must be dismissed because he did not name Comcast in any of his EEOC charges, and, therefore, failed to exhaust his administrative remedies as required under Title VII. *Julin v. Advanced Equities, Inc.,* No. 13 C 9075, 2014 U.S. Dist. LEXIS 155972 at *12-13 (N.D. Ill. Nov. 4, 2014) (dismissing parent company from discrimination lawsuit where plaintiff failed to file EEOC charge against the employer and failed to allege sufficient facts to establish the parent company forfeited its limited liability).

## II. CONCLUSION

For all of the reasons discussed above, Comcast's Motion to Dismiss should be granted in its entirety.

                Respectfully submitted,

                COMCAST CORPORATION

                /s/ Aaron R. Gelb
                        Aaron R. Gelb

Aaron R. Gelb
Emily C. Fess
Caralyn Olie
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601-1003
(312) 609-7844

Dated: October 13, 2017

## **CERTIFICATE OF SERVICE**

      I, Aaron R. Gelb, an attorney, certify that I served the DEFENDANT COMCAST CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS by causing a true and correct copy of the same to be sent via e-mail and U.S. Mail to:

      Fred L. Nance Jr., PhD
      17239 Evans Avenue
      South Holland, Illinois 60473-3436
      (708) 921-1395
      frednance@clickservices.org

on October 13, 2017.

                            */s/ Aaron R. Gelb*
                            Aaron R. Gelb