IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRED L. NANCE, JR., | |
| Plaintiff, | |
| v. | No. 16-cv-11635 |
| COMCAST CORPORATION, NBCUNIVERSAL MEDIA, LLC, OPEN 4 BUSINESS PRODUCTIONS LLC, UNIVERSAL TELEVISION LLC, JOAN PHILO CASTING, EMPIRE CASTING LLC, et al., | Judge Leinenweber |
| | Magistrate Judge Cox |
| Defendants. | |

**NBCUNIVERSAL MEDIA, LLC, OPEN 4 BUSINESS PRODUCTIONS LLC, UNIVERSAL TELEVISION LLC AND JOAN PHILO CASTING'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants NBCUniversal Media, LLC, Open 4 Business Productions LLC, Universal Television LLC and Joan Philo Casting ("Defendants") by their attorneys submit this Reply in Support of Their Motion to Dismiss.

**I.    ARGUMENT**

Despite filing an 81-page Response[1] to Defendants' Motion to Dismiss ("Motion"), Plaintiff has failed to respond to, let alone refute, the deficiencies described therein. Instead of showing that he has sufficiently pled facts that demonstrate that relief is plausible on its face, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), Plaintiff appears to have reproduced sections of various court opinions, legal treatises and jury instruction comments of varying

---

[1] Plaintiff's Response violates Local Rule 7.1 which requires parties to seek leave prior to filing briefs in excess of 15 pages. In light of Plaintiff's repeated failure to comply with this rule, Defendants respectfully request that this Court disregard all pages beyond the 15-page limit, strike Plaintiff's briefing entirely, or, at a minimum, discourage future pleadings exceeding this page limit.

1

degrees of relevance here. His efforts are unavailing, as he cannot rely on legal conclusions to show that he has alleged facts sufficient to meet his burden under *Twombly*. For the following reasons, Plaintiff's claims must be dismissed.

### A. Disparate Impact in Violation of Title VII and Section 1981 (Count II and Count XI)

While Plaintiff now identifies an NBC harassment policy as the offending policy under which he alone was more harshly treated than a co-worker, his Title VII disparate impact claim still fails because he has not identified any group of individuals that were disparately impacted by the application of this policy. (Response at 3); *see Adams v. City of Indianapolis*, 742 F.3d 720, 731 (7th Cir. 2014) (even where plaintiffs do not allege a facially neutral policy resulted in discrimination, disparate impact claims must contain sufficient facts plausibly demonstrating an employment policy or practice has caused a "relevant and statistically significant disparity" between members of affected classes). Plaintiff has alleged only that he as an individual was disparately treated, not that a group of people were disparately impacted. His Title VII disparate impact claim should be dismissed.

Additionally, Plaintiff concedes in his Response that Section 1981 does not create a cause of action for disparate impact claims and, therefore, his Section 1981 disparate impact claim must be dismissed. (Response at 3, 7, 9.)

### B. Harassment and Hostile Work Environment Claims under Title VII. (Count III and Count VII)

Plaintiff's Response still fails to identify the protected status he believes was the basis for the alleged harassment he contends he experienced. As discussed in Defendants' moving papers, Title VII does not create a general civility code, and the "harassment" Plaintiff describes is nothing more than posturing between two men over a female co-worker and their colleagues' reaction to it. Because Plaintiff fails to link this "harassment" to a protected characteristic, he

2

cannot make a claim of actionable harassment under Title VII. *See Nolan v. City of Chi.,* No. 15-cv-11645, 2017 U.S. Dist. LEXIS 19582 at *7 (N.D. Ill. Feb. 13, 2017) (dismissing plaintiff's complaint where it failed to tie harassment to a statutorily protected status).

### C. Sex and Sexual Orientation Discrimination (Count IV)

Plaintiff's Response is silent as to how his sexual orientation discrimination claims are like or reasonably related to the claims he raised in his EEOC charges. Because they are not, the sexual orientation claim must be dismissed.

And, both Plaintiff's sex and sexual orientation claims fail because he fails to allege any adverse employment action that occurred because of those protected characteristics. Similarly, Plaintiff pleads himself out of court on any sex discrimination action, as the conduct he alleges occurred allegedly affected both men and women. (Response, 5-6.)

### D. Age Discrimination (Count V)

Similarly, Plaintiff has failed to demonstrate that he has pled a plausible claim as to any adverse action taken against him on the basis of his age. Plaintiff does not explain how the alleged disparate treatment of non-African American extras who are also over the age of 40 enables him to prove that he was the victim of age discrimination. Even assuming his allegation is true, that would at most enable him to establish a violation of Title VII, not the ADEA. Moreover, as explained in Defendants' original moving papers, Plaintiff does not otherwise reference the age of the background actors to whom he seeks to compare himself, further underscoring the absence of plausibility of his age claims. Finally, Plaintiff has effectively pled himself out of court by asserting that other people within his protected age class engaged in similar behavior, but were treated better than he. Plaintiff's age discrimination claim, therefore, fails and must be dismissed.

### E. Title VII and Section 1981 Retaliation (Count VI and Count XII)

Plaintiff failed entirely to respond to the deficiencies raised by Defendants in their Motion regarding his retaliation claims under Title VII and Section 1981. By failing to respond to Defendants' arguments, Plaintiff has waived any argument against the motion. *See, e.g., Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). The Seventh Circuit applies "that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss." *Alioto*, 651 F.3d at 721, *citing Lekas v. Briley,* 405 F.3d 602, 614 (7th Cir. 2005) (noting that complaint may comply with notice pleading requirements and yet be subject to dismissal where plaintiff does not file brief supporting "substantive adequacy" or "legal merit" of complaint).

Even, assuming *arguendo*, that Plaintiff had responded, he still has not cured the fact that his Complaint contains a multitude of plausible causes for his termination other than retaliation, thereby negating any chance that retaliation based on activity protected by Title VII or Section 1981 could be the but-for cause of his termination. *See Lance v. Betty Shabazz Int'l Charter School*, 12-CV-4116, 2014 U.S. Dist. LEXIS at *31-40 (N.D. Ill. 2016) (dismissing retaliation claims given the "quantity and severity of the alternative reasons" pled by the plaintiff for his termination).

### F. Equal Pay Act (Count VIII and Count IX)

Plaintiff effectively concedes his Equal Pay Act ("EPA") claim when he concludes that he was subjected to a pay disparity based on his race. Such allegations are not actionable under the EPA. *See Grant v. WESFAM RESTAURANTS, Inc.*, No. 5:10cv03457, 2013 WL 444413 at *64-65 (N.D. Ala. 2013) (explaining that a racial disparity in wages is not covered under the EPA). *Lindale v. Tokheim Corp.*, 145 F.3d 953, 957 (7th Cir. 1998) (to plead an EPA claim, a

plaintiff must demonstrate pay disparity between individuals of different sexes in the same position). Here, Plaintiff not only acknowledges that men were in fact employed in the more highly compensated roles, but further elaborates in his Response that indeed "'real' white doctors, male and female" were more generously paid. Because Plaintiff's allegations on their face attribute pay disparity to characteristics other than sex, his EPA claims must be dismissed.

### G. Section 1981 Race Discrimination (Count XI)

In response to Defendants' Motion, Plaintiff does nothing more than recite the allegations made in his Second Amended Complaint, and, therefore, fails to make out a plausible Section 1981 claim. While Plaintiff alleges that Defendants violated a nondiscrimination policy protecting various protected statuses against discrimination (including pregnancy, childbirth, military status, veteran status and marital status), he fails to allege that any alleged breach of the broad non-discrimination policy was attributable to racial discrimination or that the policy should be interpreted as a contract. *See Sims v. Trinity Servs., Inc.,* 2013 U.S. Dist. LEXIS 90349 at *11 (N.D. Ill. June 26, 2013) (dismissing conclusory Section 1981 claims that did not allege discrimination based on race). Plaintiff's Section 1981 race discrimination claim must therefore be dismissed.

### H. Intentional Infliction of Emotional Distress (Count XIV)

Plaintiff's Response neither identifies supplemental facts, nor points to any facts as pled in his Second Amended Complaint that support the notion that his intentional infliction of emotional distress claim is based on anything other than the same facts he alleges as bases for his Title VII claims of harassment and discrimination. *See Britton v. ITT Tech. Inst.*, No. 13-cv-6547, 2014 U.S. Dist. LEXIS 53189 at *15–16, *18–19 (N.D. Ill. Apr. 17, 2014). And, even, assuming *arguendo* that Plaintiff's claims are not preempted, he has failed to allege any facts in

his Second Amended Complaint that could plausibly be characterized as "extreme" or "outrageous," and these claims should be dismissed with prejudice.

## II. CONCLUSION

For all of the reasons discussed above, Defendants' Motion to Dismiss should be granted in its entirety.

Dated: October 13, 2017                               Respectfully submitted,

**OPEN 4 BUSINESS PRODUCTIONS LLC, UNIVERSAL TELEVISION LLC AND JOAN PHILO CASTING**

By:   */s/ Aaron R. Gelb*
   One of Their Attorneys

Aaron R. Gelb
Emily C. Fess
Caralyn M. Olie
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 312 609 7500

**Attorneys for Defendants**

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS with the Clerk of the Court and by serving the following via e-mail and U.S. mail:

>Fred L. Nance Jr., Ph.D.
>17239 Evans Avenue
>South Holland, Illinois 60473-3436
>(708) 921-1395
>frednance@clickservices.org
>
>*Pro Se* Plaintiff

on this 13th day of October, 2017.

*s/ Aaron R. Gelb*_____
Aaron R. Gelb
