IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRED L. NANCE, JR., <br><br> Plaintiff, <br><br> v. <br><br> NBCUNIVERSAL MEDIA, LLC, OPEN 4 BUSINESS PRODUCTIONS, UNIVERSAL TELEVISION LLC, JOAN PHILO CASTING, EMPIRE CASTING LLC, et al., <br><br> Defendants. | No. 16-cv-11635 <br><br> Judge Leinenweber <br><br> Magistrate Judge Cox |

**DEFENDANTS NBCUNIVERSAL MEDIA, LLC, OPEN 4 BUSINESS PRODUCTIONS LLC, UNIVERSAL TELEVISION LLC AND JOAN PHILO CASTING'S MEMORANDUM IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS COUNTS PLAINTIFF'S THIRD AMENDED COMPLAINT AND MOTION TO STRIKE**

Defendants NBCUniversal Media LLC, Open 4 Business Productions, Universal Television LLC and Joan Philo Casting ("Defendants"), by their attorneys and pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f), submit this Memorandum in Support of their Partial Motion to Dismiss.

**I. INTRODUCTION**

While Plaintiff has apparently recognized that reasserting his Intentional Infliction of Emotional Distress claim would be futile here, his Third Amended Complaint once again includes the age discrimination, sex discrimination, hostile work environment, retaliation and Equal Pay Act claims previously dismissed by this Court. Rather than pleading new facts that would enable him to assert plausible claims, Plaintiff essentially attempts to put a new spin on the previously pled facts which formed the basis for Defendants' prior motion to dismiss or, when that would not work, deletes them entirely in an effort to avoid the implications of his admissions. Having already pled, for example, that male and female employees earned more

than he did, Plaintiff cannot un-ring that bell and avoid dismissal now simply by referencing only the female employees who earned more and deleting any mention that male employees also allegedly earned more.

Acknowledging that Plaintiff has likely pled a plausible Section 1981 claim in his Third Amended Complaint, Defendants are prepared to litigate the race discrimination claims he seeks to assert pursuant to Title VII and Section 1981. Defendants, however, once again move to dismiss Plaintiff's claims for disparate impact (Count II), harassment (Count III), sex discrimination (Count IV), age discrimination (Count V), retaliation (Count VI), Equal Pay Act violations (Counts VIII and IX) and retaliatory discrimination (Count X) because Plaintiff remains unable to plead the facts necessary to establish plausible claims in these Counts for the reasons stated below. Defendants further move this court to the remaining paragraphs of the complaint not otherwise dismissed, based on the fact that the impertinent allegations relating to non-parties (including current and former U.S. presidents, Jeremy Piven, and unnamed gunnery Sergeants from Plaintiff's military service in 1968) Plaintiff raises in his introduction underlie the entire complaint, are highly scandalous, and impertinent in nature.

## II. ARGUMENT

A.   **Standard for a Motion to Dismiss**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept all well-pleaded facts as true and draw all reasonable inferences in the plaintiff's favor, *Reger Development, LLC v. National City Bank*, 592 F.3d 759, 763 (7th Cir.

2010), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**B.     Plaintiff Has Failed to State a Claim in Counts II, III, IX and X**

   1.     <u>Plaintiff Fails to State a Disparate Impact Claim in Count II</u>

Count II should be dismissed because Plaintiff has neither described a specific employment practice that caused the alleged disparate impact about which he complains nor identified any other employees disadvantaged by the unidentified employment practice. *Cesario v. Jewel Food Stores, Inc.*, No. 17 CV 319, 2017 WL 5152348 at *4 (N.D. Ill. Nov. 7, 2017)(dismissing the plaintiff's disparate impact claims where plaintiff fails to identify the impact on anyone other than himself); *H.P. v. Naperville Cmty. Sch. Dist.*, 17-cv-53777, 2017 WL 5585627 at *5  (N.D. Ill. Nov. 20, 2017)(dismissing plaintiff's disparate impact claims because conclusory allegations that a policy has a disparate impact without identifying any negative effect the policy has on individuals other than oneself is insufficient to plausibly plead a disparate impact claim).

Unable to point to an actual policy, Plaintiff attempts to characterize the results of an investigation communicated to him by human resources as an "employment practice" in an effort to avoid dismissal.  He fails, however, to cite any authority holding—let alone suggesting—that a report from human resources regarding a complaint can rise to the level of a policy or practice. Even if it did, Plaintiff has not pled facts which if true, would enable him to establish that said policy or practice impacted one group differently than other groups.  Indeed, Plaintiff admits in Paragraph 156 of his Third Amended Complaint that he "cannot know" how other individuals were disparately impacted.  Devoid of the necessary specifics needed to assert a disparate impact claim, Count II of Plaintiff's Third Amended Complaint should be dismissed with prejudice.

3

### 2. Plaintiff Fails to State a Racial Harassment Claim in Count III

Plaintiff's hostile work environment claim fails because he neither pleads facts sufficient to establish a link between his race and the alleged harassment that he claims to have experienced, nor plausibly alleges that this harassment was severe or pervasive. *Nolan v. City of Chi.*, 15-CV-11645, 2017 U.S. Dist. LEXIS, at 19582 *7–10 (N.D. Ill. Feb. 13, 2017). In order to survive a motion to dismiss a hostile work environment claim, a plaintiff must plead that he was subject to conduct that is severe or pervasive and based on his membership in a protected class. *Id.* at *7; *Budzban v. DuPage Cty. Reg'l Office of Educ.*, 12-cv-900, 2013 U.S. Dist. LEXIS, at *17–18 (N.D. Ill. Jan. 14, 2013) (Leinenweber) (requiring that the plaintiff allege that his work environment was offensive, that the harassment was severe or pervasive, and that the plaintiff's protected class was the cause of the harassment). Here, Plaintiff has not only failed to plead facts establishing that the harassment he claims to have suffered was severe or pervasive, but has included allegations indicating that the conduct about which he complains was not directed at him because of his race.

Despite being given a third bite at the apple, Plaintiff continues to describe a series of personality conflicts which even if true fall short of the sort of severe or pervasive conduct needed to establish a hostile environment claim. *See also Triplett v. Coffee,* 10-CV-5214, 2011 WL 3165576 at *5 (N.D. Ill. July 26, 2011) (dismissing plaintiff's harassment claims where plaintiff failed to allege anything more than "unenlightened" conduct not rising to the level of severe or pervasive harassment). Here, Plaintiff contends that an extra allegedly warned him that "[he had] been talking to my girl a little too much," while another individual commented on the fact that Plaintiff was wearing a substitute ID, while yet another individual rudely told him to

turn his badge around. (Doc. 67, ¶¶ 91, 97, 107 and 108.)[1] At worst, Plaintiff's Third Amended Complaint highlights extras bullying and intimidating one another while vying for screen time, rude remarks about props, and insults traded on social-media platforms regarding one's acting credentials.

Critically, *none* of the alleged conduct implicates Plaintiff's race. The fact that Plaintiff is a member of a protected class does not transform these minor and limited issues into actionable harassment. *See Dr. Fred Nance Jr. v. Rothwell et.al.*, 09-CV-7733, 2011 WL 1770306 at *7-8 (N.D. Ill. May 9, 2011)(dismissing plaintiff's race and sex harassment claims where he failed to allege he was subject to any incidents sufficiently connected to race or sex so as to satisfy the second element of the hostile work environment analysis). Indeed, Plaintiff himself acknowledges that he alone was the issue – the individuals he named as engaging in the alleged harassment "did not harass any other African American extra on set." *See Herron v. DaimlerChrysler Corp.*, 388 F.3d 293, 94 (7th Cir. 2004)(where plaintiff's problems were "not related to his race – they were related to him … doom[ed] his racial harassment claim").

The Court should dismiss Count III because the conduct described in the Third Amended Complaint falls short of what is needed to establish a plausible hostile work environment claim.

3. <u>Plaintiff Fails to State an Equal Pay Act Retaliation Claim in Count IX</u>

Count IX should be dismissed because Plaintiff fails to allege that he was retaliated against for engaging in activities protected by the Equal Pay Act (the "EPA"). To state a retaliation claim under the EPA, Plaintiff must assert that he engaged in statutorily protected expression related to the Equal Pay Act, that he suffered an adverse employment action and that there was a causal link between the Equal Pay Act complaint and the adverse action. *Leong v.*

---

[1] Indeed, the majority of events Plaintiff alleges took place occurred while Plaintiff claims to have worked on FOX's *Empire* show, outside of Defendants' control. (Doc. 67, ¶¶ 69, 70 and 77.)

*SAP America*, 67 F. Supp. 3d 972, 986 (N.D. Ill. 2014) (complaint about dissatisfaction with one's compensation in general does not trigger the protection of the Equal Pay Act). Here, however, he cannot establish that he engaged in any activities protected by the Equal Pay Act.

Plaintiff alleged in his Second Amended Complaint that he filed an IDOL charge against Empire Casting regarding an allegedly "irregular pay schedule." (Doc. 43, ¶ 106.) Now, in an effort to avoid dismissal, he attempts to transform a gender-neutral complaint against another employer into one that somehow implicates the EPA and motivated the Universal Defendants to retaliate against him, alleging that his complaint "was a result of his sex when he reported females received their checks regularly." (Doc. 57, ¶ 189.) An IDOL complaint regarding the frequency of pay, however, does not implicate Equal Pay Act protections regarding wage rates. *See generally Eskridge v. Chi. Bd. of Educ.*, 47 F. Supp. 3d 781, 795 (N.D. Ill. 2014)(although the plaintiff alleged there were pay irregularities, she did not establish that she was paid at a lower rate than male employees implicating the Equal Pay Act). Having made clear in both his First and Second Amended Complaints that his IDOL complaint did not implicate the Equal Pay Act because it pertained only to the timing of *his* wage payments, Plaintiff cannot avoid dismissal now by adding an allegation (that women received regular pay checks) which was not asserted in the original IDOL complaint.[2] The Court should thus dismiss Count IX because the facts pled in support of Plaintiff's claim are insufficient to establish retaliation in violation of the Equal Pay Act.

---

[2] Furthermore, Plaintiff has not alleged, nor can he, that Defendants had any knowledge regarding any complaint he allegedly made to the IDOL which, based on his own admission, was made against Empire Casting LLC and not against the Defendants filing this motion. (Doc. 43, ¶ 106.)

4. <u>Plaintiff Fails to State a Claim for Retaliation under Title VII or Section 1981</u>

Plaintiff cannot avoid dismissal of his retaliation claims (Counts VI and X) by deleting those allegations from his Second Amended Complaint which, if true, establish that he was terminated for a variety of reasons unrelated to the protected activities in which he allegedly engaged. As explained in Defendants' previous motion to dismiss, those myriad reasons precluded Plaintiff from establishing that the protected activities in which he allegedly engaged were the but-for cause of his discharge.

To state a claim of retaliation under Section 1981, Plaintiff must allege that he took some action to oppose racially discriminatory practices, that he suffered a materially adverse action and that there is a causal connection between the two. *Onyango v. Nick & Howard*, 14-2979 (7th Cir. 2015), citing *Smith v. Bray*, 681 F.3d 888, 896 (7th Cir. 2012). This court applies a "but-for" standard when evaluating Section 1981 claims, meaning that the making of a complaint (or any other protected activity) is not regarded as the cause of an adverse action if the adverse action would have been taken had the complaint not been made. *Lance v. Betty Shabazz Int'l Charter Sch.*, 12-CV-4116, 2014 U.S. Dist. LEXIS, at *31–40 (N.D. Ill. 2016). The *Lance* court dismissed the plaintiff's Title VI retaliation claims after concluding that he failed to plead facts suggesting that his filing of a complaint was the but-for cause of his termination in light of the "quantity and severity of the alternative reasons" given by the plaintiff for his termination. Here, Plaintiff claims that he was terminated not only because he filed charges with the EEOC but because he filed a wage claim with the Illinois Department of Labor. This alone precludes Plaintiff from proving that he would not have been fired but for the fact that he filed charges with the EEOC.

Reading Plaintiff's Third Amended Complaint as a whole—as the court did in *Lance*— along with his Second Amended Complaint, leads to the same conclusion; namely, that Plaintiff

7

is unable to plead a plausible retaliation claim under the but-for causation standard. Considering each and every one of the incidents described by Plaintiff himself—the various arguments, disputes and confrontations with male and female extras on the *Chicago Med* set, on social media and on the sets of wholly unrelated companies—there can be no question that the Universal Defendants could conceivably have been motivated to break ties with Plaintiff for a host of reasons unrelated to his alleged complaints of discrimination and/or harassment. Plaintiff has pled the existence of so many activities (not protected by Title VII or Section 1981) in which he engaged that presumably motivated his "employers" to terminate his employment that he is foreclosed from proceeding with a claim that his activities protected by Title VII, Section 1981 and/or the ADEA were the but-for cause of his separation.

Counts VI and XII of Plaintiff's Third Amended Complaint should be dismissed with prejudice.

**C.    Plaintiff Has Pled Himself Out of Counts IV, V and VIII by Way of His Second Amended Complaint**

Rather than plead new facts that would enable him to assert plausible claims for sex discrimination, age discrimination or violations of the Equal Pay Act, Plaintiff has essentially removed and/or revised a number of the paragraphs in his Second Amended Complaint that were cited by Defendants in their motion to dismiss. This runs afoul of the Court's admonition to avoid reasserting those claims where amendment would be futile and should not be permitted here. *See Aasen v. DRM, Inc.*, 09-CV-50228, 2010 WL 2698296 at *2 (N.D. Ill. 2010)(considering prior complaints where plaintiff engaged in a disingenuous attempt to avoid the ramifications of the allegations in his original complaint and the revised allegations in the amended complaint reflect "intentional manipulation" to avoid the consequences of an appropriate motion to dismiss); *Wallace v. New York City Dep't. of Corr.*, 1996 WL 586797, at

8

\*2 (E.D.N.Y. 1996)(accepting the facts as described in the original complaint as true where plaintiff "blatantly change[d] his statement of facts in order to respond to the defendants' motion to dismiss"). Plaintiff's effort to avoid dismissal by subtracting allegations rather than adding them should be rejected here.

As described more fully below, there are now several allegations in Plaintiff's Third Amended Complaint that conflict with allegations elsewhere in the document, while other revisions contradict allegations in his First or Second Amended Complaints. Accordingly, this court should treat facts pled in the First or Second Amended Complaints as judicial admissions when evaluating Plaintiff's Third Amended Complaint. *Aasen,* at \*3-4. Indeed, when the Second and Third Amended Complaints are read together, there can be no question that Plaintiff has pled himself out court with respect to his sex discrimination, age discrimination and Equal Pay Act retaliation claims.

1. <u>Plaintiff Fails to State a Claim for Sex Discrimination in Count IV</u>

Even when read in a light most favorable to Plaintiff, the allegations in his Third Amended Complaint fail to demonstrate that alleged differences in treatment were prompted by his sex. *See Gilhooly v. UBS Securities,* 772 F. Supp. 2d 914, 916 (N.D. Ill. Feb. 14, 2011)(dismissing the Plaintiff's sex discrimination claims in part because plaintiff did not adequately plead facts suggesting similarly situated employees outside her protected status received better treatment and thus did not plausibly allege a discrimination claim). Plaintiff now claims in Count IV that "white female extras" engaged in similar misconduct but were treated more favorably than him. (Doc. 67, ¶¶ 162–164.) Elsewhere in the Third Amended Complaint, however, he describes many of the same individuals are "white *males* and females over 40 years old." (Doc. 67, ¶ 130, fn. 20)(emphasis added). Further, Plaintiff claimed in the Second Amended Complaint that Tanner Masseth and Ashland Thomas—both males—were not subject

9

to discipline like he received. (Doc. 43, ¶¶ 118, 151, 155, 162, 207 and 263.) Accordingly, when the allegations set forth in Count IV of the Third Amended Complaint are considered along with allegations elsewhere in the Complaint along with allegations deleted from the Second Amended Complaint, no reasonable fact finder could conclude that Plaintiff was the victim of sex discrimination.

The Court should thus dismiss Count IV with prejudice.

2. Plaintiff Fails to State a Claim for Age Discrimination

Similarly, Plaintiff's age discrimination claims should be dismissed because he cannot demonstrate that alleged differences in treatment were prompted by his age. *See, Gilhooly,* at 917. Plaintiff now claims in Count V that a group of employees "Stacey Krenning, Jennifer Hemminger, Connie Kincer, Virginia McElligott, Melanie Doe, Nicole McGovern, Tanner Masseth et. al." were treated more favorably and are "not 40 years old." (Doc. 67, ¶ 167.) Plaintiff contradicts himself elsewhere in the Third Amended Complaint, claiming that many of these same individuals are "white males and females over 40 years old." (Doc. 67, ¶ 130, fn. 20.) Plaintiff's allegation in Paragraph 167 is further contradicted by his claim in the Second Amended Complaint that individual "white males and females over 40 years old" were treated more favorably than he was. (Doc. 43, fn. 21; ¶ 24.) Having admitted that the individuals he claims were treated more favorably are also "over 40 years old," Plaintiff cannot plausibly claim in the Third Amended Complaint that "substantially younger" extras were treated more favorably than he was treated.

The Court should thus dismiss Count V with prejudice.

3. Plaintiff Fails to State a Claim Pursuant to the Equal Pay Act

Count VIII of the Third Amended Complaint should be dismissed based on Plaintiff's admission that both male and female extras were more highly compensated than he was. (Doc.

10

43, ¶ 222.) A claim under the EPA requires a "causal relationship between sex and pay," and "if the difference is due to a factor unrelated to gender, there is no violation." *Lindale v. Tokheim Corp.*, 145 F.3d 953, 957 (7th Cir. 1998); *Lynch v. City of Chicago,* 12-cv-9032, 2013 U.S. Dist. LEXIS 120553, at *8–11 (N.D. Ill. Aug. 23, 2013) (dismissing Equal Pay Act claim where plaintiff alleged she was treated differently than older employees of a different rank); *Nance v. Rothwell,* at *11 (dismissing Dr. Nance's Equal Pay Act claim where he failed to allege that the defendant had paid unequal wages to members of the opposite sex). By admitting that both male and female "real doctor" extras were paid more than he was, Plaintiff fails to establish a sufficient causal relationship between sex and pay. (Doc. 43, ¶ 222.) He cannot avoid dismissal by deleting that allegation and replacing it with a contradictory assertion that only "females were getting paid more than he" was paid. (Doc. 67, ¶ 184.)

The Court should thus dismiss Count VIII with prejudice.

**D.     The Remaining Paragraphs in Plaintiff's Third Amended Complaint Should be Stricken Pursuant to Fed R. Civ. P. 12(f) and 10(b)**

This court has the discretion to strike pleadings containing any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f) *Redwood v. Dobson,* 476 F.3d 462, 471 (7th Cir. 2007)(the discretion to grant 12(f) motions rests within the sound discretion of the district court.) This court has exercised this discretion to strike any and all portions of a pleading that contain scandalous allegations that "bear no possible relation to the controversy or may cause the objecting party prejudice." *Simons v. Ditto Trade,* No. 14 C 309, 2015 WL 1918617, at *5 (N.D. Ill. Apr. 28, 2015)(dismissing scandalous allegations from the complaint) citing *Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664 (7th Cir. 1992); *Muller v. Morgan, et. al.,* 12-CV-1815, 2013 WL 2422737, at *6 (N.D. Ill. June 3, 2013)(Leinenweber)(striking improperly pled, scandalous, and inappropriate introductory

paragraphs from the plaintiff's complaint as non-pertinent and in violation of Fed. R. Civ. P 10(b).) Furthermore, motions to strike are authorized by Federal Rule of Civil Procedure 12(f) and are appropriate where a complaint contains references to the acts and/or omissions of nonparties, and the presence of such allegations could lead to prejudicial inferences against the moving party. *See Loughrey v. Landon*, 381 F. Supp. 884, 888 (E.D. Pa. 1974).

Here, Plaintiff's introductory paragraph spans approximately five pages, includes allegations relating to more than thirty non-parties including two current or former presidents of the United States, various representatives of the Democratic and Republican political parties, actors, and statements allegedly made in 1968 by a gunnery Sergeant to whom Plaintiff reported while in the military. As a preliminary matter, these paragraphs do not comply with Fed. R. Civ. P. 10(b) and should be stricken on this independent basis. *Muller,* at *6.

Plaintiff's introductory allegations amount to more than mere clutter, and indeed underlie the entirety of the complaint. For example, Plaintiff alleges that the Defendants have employed the "same 'power'" in their treatment of Plaintiff as President Donald Trump (to whom he later refers to as a "bigot" and "racist"). (Doc. 67, at 4.) All remaining paragraphs should be stricken in their entirety, because as pled, Plaintiff's Third Amended Complaint contains the acts and omissions of so many non-parties, that are so scandalous in nature, that Defendants are subject to unavoidable prejudice as to any paragraphs not dismissed.

### III. CONCLUSION

For the above reasons, Counts II through VI and VIII through X of Plaintiff's Third Amended Complaint should be dismissed with prejudice, and all remaining paragraphs should be stricken.

          Respectfully submitted,

          NBCUNIVERSAL MEDIA, LLC, UNIVERSAL TELEVISION LLC, OPEN 4 BUSINESS PRODUCTIONS LLC and JOAN PHILO CASTING


By:  /s/  Aaron R. Gelb
      One of Their Attorneys

Aaron R. Gelb
Emily C. Fess
Caralyn Olie
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601-1003
(312) 609-7844

Dated: December 18, 2017

13

**CERTIFICATE OF SERVICE**

    I, Aaron R. Gelb, an attorney, certify that I served the DEFENDANTS NBCUNIVERSAL MEDIA, LLC, OPEN 4 BUSINESS PRODUCTIONS LLC, UNIVERSAL TELEVISION LLC AND JOAN PHILO CASTING'S MEMORANDUM IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT by causing a true and correct copy of the same to be sent via e-mail and U.S. mail to:

    Fred L. Nance Jr., Ph.D.
    17239 Evans Avenue
    South Holland, Illinois 60473-3436
    (708) 921-1395
    frednance@clickservices.org

on December 18, 2017.

                              /s/ Aaron R. Gelb