UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRED NANCE, JR., ) | |
| ) | Case No. 16-CV-11635 |
| Plaintiff, ) | |
| ) | District Judge Leinenweber |
| vs. ) | |
| ) | Magistrate Judge Cox |
| NBCUNIVERSAL MEDIA, LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THE UNIVERSAL DEFENDANTS' RESPONSE TO PLAINTIFF'S RULE 56.1 STATEMENT OF ADDITIONAL UNDISPUTED FACTS**

Defendants, NBCUniversal Media LLC, Universal Television LLC, Open 4 Business Productions LLC and Joan Philo Casting (collectively, the Universal Defendants) submit this Response to Plaintiff's Rule 56.1 Statement of Additional Undisputed Facts. Any admissions are for purposes of the Universal Defendant's Summary Judgment Motion only:

**THE PARTIES**

1. Directors and Assistant Directors chose and placed plaintiff in these advertising and promotional scenes for the Chicago Med television show because of his 20+ years in theater and film, his non-verbal skills on set, and his professional character and behavior. (TAB B 1-3).

**RESPONSE**:

The Universal Defendants deny Nance's statement that he was placed in "advertising and promotional scenes for the Chicago Med television show because of his 20+ years in theater and film, his non-verbal skills on set, and his professional character and behavior" because it is not a statement of fact but a statement of Nance's perceptions and opinions. S*ee Uhl v. Zalk Josephs Fabricators, Inc.*, 121

F.3d 1133, 1137 (7th Cir. 1997) ("Facts, not an employee's perceptions and feelings are required to support a discrimination claim"). The Universal Defendants object to Nance's statement as well because it lacks foundation. Nance does not show personal knowledge of who made the decisions regarding promotional materials for *Chicago Med* or why they selected certain images. *See* Fed. R. Evid. 602.

2. Defendants do not provide any signed written statements or Declaration(s) from their primary witnesses, Ashland Thomas and Jennyfer Mumper, who reportedly alleged plaintiff violated NBC et al. policies leading to the termination of plaintiff. Instead, NBC et al. use a "defendant" (Joan Philo) to investigate the plaintiff and she (Joan Philo) provided 3rd party testimony with no supporting documentation from the individuals whom the defendant (Joan Philo) reports talking too. (Joan Philo Declaration).

**RESPONSE**

The Universal Defendants deny Nance's statement because it is improper argument and is not a statement of fact but a statement of Nance's perceptions and opinions about how an investigation should be conducted. *See Uhl, supra*.

3. Joan Philo Casting (Joan Philo) is a defendant in this case, who plaintiff reported to EEOC alleging she violated Title VII and ADEA (TAB F 9-16; Dkt. #32-4), which defendants provide her (Joan Philo 3rd party) Declaration alleging plaintiff violated NBC et al. policies leading to plaintiff's termination. (Joan Philo Declaration at ¶¶ 25, 27, 31- 32).

**RESPONSE**

The Universal Defendants deny that Ms. Philo alleged in her declaration that Nance violated NBC et al. policies. Ms. Philo described, in her declaration, the steps she took to investigate Ashland Thomas' allegations regarding Nance and her findings; Ms. Philo did not make any allegations against

Nance nor did she conclude that Nance violated NBC et al policies. The remaining statements are admitted.

4. Joan Philo is biased and prejudiced toward plaintiff because he filed EEOC charges and this lawsuit naming her. (TAB F 9-16; Dkt. #32-4) Joan Philo's Declaration has no clothes.

**RESPONSE**:

The Universal Defendants deny Nance's statement because it is improper argument and is not a statement of fact but a statement of Nance's perceptions and opinions. *See Uhl, supra.*

5. Plaintiff provides a declaration (Plaintiff Declaration) and verified statements in his October 14, 2016 EEOC Charge (TAB F) that Ashland Thomas lied and additional information from witnesses (TAB C 1, C 3; Dkt. 63-6) about Ashland Thomas' allegations against plaintiff.

**RESPONSE**:

The Universal Defendants deny Nance's statement because it is improper argument and is not a statement of fact but a statement of Nance's perceptions and opinions about how an investigation should be conducted. *See Uhl, supra.*

6. There is no Declaration or signed, written statement from Ashland Thomas supporting the statements Joan Philo makes against plaintiff in her Declaration. (Joan Philo Declaration).

**RESPONSE**:

The Universal Defendants deny Nance's statement because it is improper argument and is not a statement of fact but a statement of Nance's perceptions and opinions about how an investigation should be conducted. *See Uhl, supra.*

7. Jennyfer Mumper and plaintiff are Facebook friends since Jennyfer Mumper initially came on the Chicago Med set (May 2016) and to this day.

**RESPONSE**:

The Universal Defendants deny Nance's statement that Ms. Mumper "initially came on the Chicago Med set (May 2016) and to this day" because it lacks foundation. See Fed. R. Evid. 602. The remaining statements are admitted.

8. Jennyfer Mumper reportedly told Kristin Swain plaintiff pushed her out of her scene. (Joan Philo Declaration), which plaintiff names Kristin Swain (Kristin Doe) as a co-conspirator in his EEOC charges (TAB F & Dkt. 32-3, 4, 5; and Original and Amended complaints Dkt. #s 1, 8, 21, & 43).

**RESPONSE**:

The Universal Defendants admit that Ms. Swain told Ms. Philo that she received a call from Ms. Mumper, who complained that Nance pushed her out of the way when she was about to be in a scene, telling her that she was in "his spot" and that this was something he did all the time. The Universal Defendants deny Nance's statement that he named Ms. Swain as a co-conspirator but admit that he refers to her in his EEOC charges.

9. There is no Declaration or signed, written statement from Jennyfer Mumper supporting the statements Joan Philo makes against plaintiff in her Declaration. (Joan Philo Declaration).

**RESPONSE**:

The Universal Defendants deny Nance's statement because it is improper argument and is not a statement of fact but a statement of Nance's perceptions and opinions about how an investigation should be conducted. *See Uhl, supra.*

10. From approximately August of 2015 through September 2016 there were 4 to 5 white female nurses who were background/extras, Stacey Krenning, Jennifer Hemminger, Connie Kincer, Virginia McElligott et al. who plaintiff named when reporting to Joan Philo they were telling other background/extras (doctors, nurses and med techs) how to do their job without permission to do so by Directors or production (TAB F 6-7, 14-15, 22-23; Dkt. #32).

**RESPONSE**:

The Universal Defendants deny Nance's statement that Stacey Krenning, Jennifer Hemminger, Connie Kincer, Virginia McElligott et al. "were telling other background/extras (doctors, nurses and med techs) how to do their job without permission to do so by Directors or production" because it is not a statement of fact but a statement of Nance's perceptions and opinions. *See Uhl, supra*. The Universal Defendants also deny this statement because it is hearsay to the extent it is being offered to prove the truth of the matter asserted. See Fed. R. Evid. 801(c); *Patel v. Allstate Ins. Co.*, 105 F.3d 365, 368 (7th Cir. 1996) ("a party may not rely upon inadmissible hearsay in an affidavit or deposition to oppose a motion for summary judgment") (citations omitted). The Universal Defendants admit that Nance accused white female nurses who were background actors, including Stacey Krenning, Jennifer Hemminger, Connie Kincer, and/or Virginia McElligott of telling other background actors how to do their job without permission to do so by directors or production.

11. In or around September of 2015, these white female nurses' intimidated, threatened and harassed a white female med tech, Sandy Grabowski Reinstein, telling her how to do her job after a production assistant told her (Sandy) how to do her job. (TAB F 14-15, 22-23; Dkt. #32 and Original and Amended complaints Dkt. #s 1, 8, 21, & 43).

**RESPONSE**:

The Universal Defendants deny this statement because it is hearsay to the extent it is being offered to prove the truth of the matter asserted. See Fed. R. Evid. 801(c); *see also Patel, supra*. The Universal Defendants also deny this statement because Nance does not show personal knowledge of the actions of these the "white" nurses to which he refers. *See* Fed. R. Evid. 602.

12. Sandy told plaintiff. Plaintiff told Assistant Director, Patrick Priest and Joan Philo what happened to Sandy. (TAB F 14-15, 22-23; Dkt. #32 and Original and Amended complaints Dkt. #s 1, 8, 21, & 43).

**RESPONSE**:

The Universal Defendants deny Nance's statement "Sandy told plaintiff" because it is hearsay to the extent it is being offered to prove the truth of the matter asserted. See Fed. R. Evid. 801(c); *see also Patel, supra*. The remaining statements are admitted.

13. Joan Philo did not report any of the reported incidents regarding the 4 to 5 white females harassing, threatening, and intimidating other background/extras on the Chicago Med set to NBC Universal, Universal Television LLC, Open 4 Business Productions LLC, or Jeanette Caliendo. (Plaintiff's Declaration ¶ 42-44, Dkt. #43 ¶ 24 & 150, #67 ¶ 46-54; and Joan Philo Declaration).

**RESPONSE**:

The Universal Defendants deny this statement because Nance does not show personal knowledge of whether or not Ms. Philo reported "incidents regarding the 4 to 5 white females harassing, threatening, and intimidating other background/extras on the Chicago Med set" to the Universal Defendants or Ms. Caliendo. *See* Fed. R. Evid. 602.

14. Joan Philo did not consult with Caliendo (Joan Philo Declaration) about the violations of NBC et al. policies committed by these 4 or 5 "white" nurses, which plaintiff named (TAB F 14-15, 22-23; Dkt. #32 and Original and Amended complaints Dkt. #s 1, 8, 21, & 43).

**RESPONSE**:

The Universal Defendants deny this statement because Nance does not show personal knowledge of whether or not Ms. Philo consulted "with Caliendo (Joan Philo Declaration) about the violations of

NBC et al. policies committed by these 4 or 5 'white' nurses, which plaintiff named." *See* Fed. R. Evid. 602.

15. On or about February 10, 2016 Christie Tate came on the Chicago Med set. Patrick Priest assigned plaintiff to work with Christie Tate. Patrick Priest asked plaintiff to show Christie Tate how to do her assignment. (TAB F 11 & 19, Dkt. #67 ¶ 56-57).

**RESPONSE**:

Admitted.

16. On February 10, 2016, Christie Tate asked Nance to take photos with her while they were in the holding area located at 1409 South Rockwell, Chicago Illinois on the 2nd floor, which was commonplace with all extras on the Chicago Med set. Review the Facebook page of Jennyfer Mumper. (TAB D 3).

**RESPONSE**:

The Universal Defendants deny Nance's statement regarding what was "commonplace with all extras on the Chicago Med set" because it is improper argument and is not a statement of fact but a statement of Nance's perceptions and opinions. *See Uhl, supra*. The Universal Defendants also deny the statement "Christie Tate asked Nance to take photos with her while they were in the holding area" because it is hearsay to the extent it is being offered to prove the truth of the matter asserted. See Fed. R. Evid. 801(c); *see also Patel, supra*. The Universal Defendants further object to any reference to or consideration of Ms. Mumper's Facebook page because Nance failed to authenticate such Electronically Stored Information as required by FRE 901(13); and because statements contained on said Facebook page are inadmissible hearsay to the extent they are offered to prove the truth of the matter asserted.

17. On or about March 9, 2016 Chicago Med production "white" staff began treating plaintiff differently, in a negative way, which plaintiff contributed to Christy Tate, Donny Williams, and Marcus Funches attack on his character. (TAB F 3, 11, 19; Dkt. #67 ¶ 73- 142).

**RESPONSE**:

The Universal Defendants deny Nance's statement because it is improper argument and is not a statement of fact but a statement of Nance's perceptions and opinions. *See Uhl, supra*.

18. On or about March 9, 2016 Nicole McGovern (white female) a production assistant placed plaintiff in the doctor's lounge on the Chicago Med set with the lights turned off during a scene. (TAB F 3, 11, 19; Dkt. #67 ¶ 73-142).

**RESPONSE**:

Admitted.

19. On or about March 9, 2016 plaintiff asked Nicole why she was placing him sitting in the dark in this scene. (TAB F 3, 11, 19; Dkt. #67 ¶ 73-142).

**RESPONSE**:

Admitted.

20. On or about March 9, 2016 Nicole said "don't talk to me like that" just sit in the chair. (TAB F 3, 11, 19; Dkt. #67 ¶ 73-142).

**RESPONSE**:

Admitted.

21. On or about March 9, 2016 plaintiff told NBC's Martha Schniepp about Nicole giving plaintiff the "middle finger" when Martha asked plaintiff to explain his story while they talked on the phone. (TAB F 3, 11, 19; Dkt. #67 ¶ 73-142).

**RESPONSE**:

Admitted.

22. On April 20, 2016 Nicole started cursing at Nance telling him to get in the shot where he was instructed by Nicole to cross in front of crew equipment. (TAB F 3, 11, 19; Dkt. #67 ¶ 73-142).

**RESPONSE**:

Admitted.

23. On September 27, 2016 plaintiff reported to Michelle (white female), staff of Empire Casting background/extra, Melanie Doe (white, female) was rifling through the private information of other background/extra paperwork sitting on the desk of Matt (white male), the person who daily signs every background/extra in for work. (TAB F 4, 12, 20; Dkt. #67 ¶ 115-117, 119, 122, 124).

**RESPONSE**:

Admitted.

24. The staff person plaintiff reported Melanie Doe to, Michelle (white female), informed plaintiff she saw Melanie Doe going through the private paperwork of other background/extras. Michelle informed plaintiff she was sending an email to her boss as plaintiff was telling her about Melanie Doe rifling through the paperwork of other background/extras. (TAB F 4, 12, 20; Dkt. #67 ¶ 115-117, 119, 122, 124).

**RESPONSE**:

The Universal Defendants deny this statement because it is hearsay to the extent it is being offered to prove the truth of the matter asserted. See Fed. R. Evid. 801(c); *see also Patel, supra*.

25. On September 27, 2016 Joan Philo created some notes for herself. (TAB G 1-2).

**RESPONSE**:

The Universal Defendants admit that Ms. Philo created notes while investigating Mr. Thomas' allegations against Nance. The Universal Defendants deny Nance's statement that Ms. Philo created the notes "for herself" because it lacks foundation.

26. On September 27, 2016 Joan Philo's notes report "Fred said, Oh Ash, that guy he always pushes into the scene, Christie and Jessica tells me he always pushes, so he came up and that's not right. See, I try to help production and the TV show and so after in a private moment I pulled him aside and I told him and he said, shut up." (TAB G 1-2).

**RESPONSE**:

Admitted.

27. On September 27, 2016 plaintiff reported to Joan Philo and Kristin Swain, Ashland Thomas (white, male) was bullying him, and when plaintiff told Ashland to stop Ashland told plaintiff to shut up. (TAB C 1, TAB F 4 ¶ 3, F 12 ¶ 3, F 20 ¶ 3).

**RESPONSE**:

Admitted. Further answering, the Universal Defendants state that Nance avers he could tell that Ms. Philo and Ms. Swain were startled when he said that Mr. Thomas hollered at him and told him to shut up such that he "had to tell [Joan and Kristin] it was harmless." Nance Appendix at F-5.

28. On September 27, 2016 Joan Philo's notes report "I then talked to Christie because she came up to me in the lunchroom and wanted to talk to me about pay vouchers and another extra who looked through private vouchers…I then asked her about what happened with Fred and Ash and Jessica. She said it was no big deal on set." (TAB G 1-2).

**RESPONSE**:

Admitted.

29. Empire Casting LLC's Statement of Material Facts reports at ¶ 64 "Attached as Exhibit 4 to the declaration of Olson is a copy of the IDOL notice. The IDOL notice does not contain any reference to gender discrimination." (Declaration of Mark Olson at ¶ 10).

**RESPONSE**:

Admitted.

30. Empire Casting LLC attached "IDOL" document states on page 3 "Other background/actors working for NBC and being paid by their payroll contractor, Empire, have been complaining to each other, as well as some have complained to supervisors of the Chicago office with no results." Joan Philo's notes of September 27, 2016 report "I then talked to Christie because she came up to me in the lunchroom and wanted to talk to me about pay vouchers." Christie is a female. (TAB G 1, ¶ 4; TAB Q 5).

**RESPONSE**:

Admitted.

31. On September 27, 2016 Joan Philo's notes report "After lunch I talked to Ash…I'm a big guy so I'm taken all my life as maybe imposing so I make sure to not act this way and yet Fred came up to me, and you know he's always running his mouth and offending people…I was standing with Laura Mitok (core med tech)…." (TAB G 1, ¶ 5) Joan Philo did not report to Jeanne Caliendo there was another witness, Laura Mitok. There is no mention of another witness, Laura Mitok, in Joan Philo's Declaration. There is no Declaration or signed, written statement from Laura Mitok. (Joan Philo Declaration).

**RESPONSE**:

The Universal Defendants deny the statement that "Joan Philo did not report to Jeanne Caliendo there was another witness" because it lacks foundation. *See* Fed. R. Evid. 602. The remaining statements are admitted.

32. At approximately 5:21 pm (CST) plaintiff received a call at home from a person identifying himself as Mark Olson, VP of Operations for Empire Casting Company. Mr. Olson informed plaintiff he was terminated by NBC and Joan Philo. (TAB F 4 ¶ 3, F 12 ¶ 3, F 20 ¶ 3).

**RESPONSE**:

The Universal Defendants deny the statement that Mr. Olson told Nance he was terminated by Joan Philo because it lacks foundation. *See* Fed. R. Evid. 602.

33. On September 29, 2016 Ashland Thomas and Melanie Doe returned to work at NBC's Chicago Med show. (TAB C 1, TAB F 4 ¶ 3, F 12 ¶ 3, F 20 ¶ 3).

**RESPONSE**:

The Universal Defendants deny this statement because it lacks foundation. See Fed. R. Evid. 602. The Universal Defendants further object to any reference to or consideration of these text messages because Nance failed to authenticate such Electronically Stored Information as required by FRE 902(14) for data copied from electronic sources. The Universal Defendants also deny the assertions included in this Paragraph because any statements included in the text message are inadmissible hearsay to the extent they are being offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c); *Patel*, 105 F.3d at 368.

34. Ashland Thomas (white, male) received no consequences for bullying, intimidating, and threatening plaintiff and on or about September 29, 2016 returned to work on Chicago Med. (TAB C 1).

**RESPONSE**:

The Universal Defendants deny Nance's characterization of Thomas' conduct as "bullying, intimidating, and threatening" because it is improper argument and is not a statement of fact but a statement of Nance's perceptions and opinions. *See Uhl, supra.* The Universal Defendants further object to any reference to or consideration of these text messages because Nance failed to authenticate such Electronically Stored Information as required by FRE 902(14) for data copied from electronic sources. The Universal Defendants also deny the assertions included in this Paragraph because any statements included in the text message are inadmissible hearsay to the extent they are being offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c); *Patel*, 105 F.3d at 368.

35. Melanie Doe (white, female) received no consequences for rifling through the private information of background/extras, which were on the desk of the person signing in all background/extras for work on September 27, 2016. (TAB C 1).

**RESPONSE**:

The Universal Defendants deny Nance's statement because it lacks foundation. *See* Fed. R. Evid. 602. The Universal Defendants further object to any reference to or consideration of these text messages because Nance failed to authenticate such Electronically Stored Information as required by FRE 902(14) for data copied from electronic sources. The Universal Defendants also deny the assertions included in this Paragraph because any statements included in the text message are inadmissible hearsay to the extent they are being offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c); *Patel*, 105 F.3d at 368.

36. On or about September 30, 2016 plaintiff received a Facebook message from La'Shawn Hazelwood (an extra on the Chicago Med television show) regarding a conversation she had with Ashland Thomas and Christie Tate. (TAB C 3, Dkt. #67, ¶ 133).

**RESPONSE**:

The Universal Defendants deny this statement because it lacks foundation. See Fed. R. Evid. 602. The Universal Defendants further object to any reference to or consideration of Facebook messages because Nance failed to authenticate such Electronically Stored Information as required by FRE 902(13) for records generated by an electronic process or system, and/or by FRE 902(14) for data copied from electronic sources. The Universal Defendants also deny the assertions included in this Paragraph because any statements included in the Facebook message are inadmissible hearsay to the extent they are being offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c); *Patel*, 105 F.3d at 368.

37. On October 7, 2016, at approximately 10:00 am, plaintiff received a Facebook message from Chicago Med extra Jessica Dean Rose stating a picture of plaintiff was posted in the lobby of Cinespace Studios with this writing on it "Fred Nance Not Allowed On Premises". (TAB C 2, Dkt. #63-3, Dkt. 67 ¶ 134); and reports "Ash, who read your post and said he did not say the things you were told he said. (TAB C 1; TAB F 7 ¶ 4, 15 ¶ 4, 23 ¶ 4).

**RESPONSE**:

The Universal Defendants deny this statement because it lacks foundation. See Fed. R. Evid. 602. The Universal Defendants further object to any reference to or consideration of Facebook messages because Nance failed to authenticate such Electronically Stored Information as required by FRE 902(13) for records generated by an electronic process or system, and/or by FRE 902(14) for data copied from electronic sources. The Universal Defendants also deny the assertions included in this Paragraph because any statements included in the Facebook message are inadmissible hearsay to the extent they are being offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c); *Patel*, 105 F.3d at 368.

38. On October 7, 2016 Plaintiff called leaving a message for Cinespace Studios President/Chairman, Alexander Pissios, reporting NBC et al., Joan Philo Casting, and Empire Casting LLC, et.al, posted his picture with the writing "Fred Nance Not Allowed on Premises" on Cinespace Studios property. (TAB F 7 ¶ 4, 15 ¶ 4, 23 ¶ 4; Dkt. #67 ¶ 136).

**RESPONSE**:

Admitted.

39. On October 10, 2016 Mr. Pissios, called plaintiff reporting he did not give the Defendants permission to post plaintiff's picture anywhere on Cinespace Studios property. Mr. Pissios told plaintiff he would instruct his employees to take down any pictures of plaintiff they see posted on Cinespace Studios property. (TAB F 8 ¶ 1, 15 ¶ 4 & 16 ¶ 1, 24 ¶ 1; Dkt. # 67 ¶ 137-138)

**RESPONSE**:

The Universal Defendants deny the statement "Mr. Pissios told plaintiff he would instruct his employees to take down any pictures of plaintiff they see posted on Cinespace Studios property" because it is hearsay to the extent it is being offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c); *Patel*, 105 F.3d at 368. The remaining statements are admitted.

40. On October 7, 2016 plaintiff emailed a copy of the picture of him posted in the Cinespace Lobby to Darren Chiappetta. Mr. Chiappetta never responded. On October 8th and 12th of 2016 plaintiff emailed a copy of this picture to EEOC representative Allison Fisher. (TAB F 8 ¶ 2, 16 ¶ 1, 24 ¶ 2; TAB R 1, 2, 3, 4).

**RESPONSE**:

Admitted.

DATED:  May 3, 2019                     Respectfully submitted,

/s/ Aaron Gelb
Aaron Gelb
Mark Trapp
Conn Maciel Carey LLP
53 West Jackson Boulevard
Suite 1328
Chicago IL 60604
(312) 868-0294
agelb@connmaciel.com

*Attorneys for the Universal Defendants*

## CERTIFICATE OF SERVICE

I, Aaron R. Gelb, certify that true and accurate copies of the Universal Defendants' Response to Plaintiff's 56.1 Statement of Additional Facts was served on May 3, 2019 by email and US Mail upon:

Fred Nance, Jr.
17239 Evans Avenue
South Holland, IL 60473
frednance@clickservices.org


/s/ Aaron Gelb
Aaron R. Gelb